**Harpal Singh SENIARAY, Petitioner,**

v.

**John ASHCROFT, Attorney**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

General,* Respondent.

No. 02–72635.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.**

Decided July 24, 2003.

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Harpal Singh Seniaray petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and denying his motion to remand and reopen pursuant to the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.

We review for substantial evidence an adverse credibility finding and a denial of asylum and we uphold these determinations unless the evidence compels a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1244, 45 (9th Cir.2000).

■ Substantial evidence supports the adverse credibility finding because Seniaray provided information in his asylum application that was inconsistent with his hearing testimony. *See Lata*, 204 F.3d at 1245 (upholding adverse credibility determination because petitioner's explanation of discrepancies between asylum application and hearing testimony did not "compel[ ] the opposite result"). For example, in his asylum application, he claimed that the police visited his home many times between his first arrest in 1986 and his

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

departure for New Zealand in 1989; at his hearing, he testified on direct that police did not visit his home during that period; and later on cross-examination, he testified that police did come to his home during that period to insure he was not engaged in militant activities.

The factual discrepancy went to the "heart of [his] asylum claim." *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Therefore, substantial evidence supports the denial of asylum. *See Lata,* 204 F.3d at 1245. It follows that Seniaray did not satisfy the more stringent standard for withholding of deportation. *See id.* at 1244.

■ We do not consider the BIA's denial of Seniaray's motion to remand and reopen proceedings to seek relief under the Convention Against Torture because Seniaray's opening brief does not challenge the BIA's denial of the motion. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.")

**PETITION DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.